IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERVIN JOINER, | : |
|       Plaintiff, | : |
| VS. | : |
| | : NO. 5:25-cv-00145-TES-CHW |
| HOUSTON COUNTY SHERIFF DEPARTMENT, | : |
|       Defendant. | : |

## ORDER

Plaintiff Ervin Joiner, a prisoner in the Coffee Correctional Facility in Nicholls, Georgia, filed a handwritten document that was docketed in this Court as a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not use the required 42 U.S.C. § 1983 form, pay the $405.00 filing fee, or move for leave to proceed *in forma pauperis* in this action. As a result, Plaintiff was ordered to (1) recast his complaint on a standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 3 & 5. Plaintiff has now filed a recast complaint and a motion to proceed IFP. ECF Nos. 7 & 8.

Plaintiff's motion to proceed IFP is incomplete. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff failed to submit a

certified copy of his trust fund account statement. Accordingly, Plaintiff is **ORDERED** to submit a proper motion to proceed *in forma pauperis,* which must include a certified copy of his trust fund account statement.

Additionally, Plaintiff must clarify the type of relief that he is seeking in this case. Plaintiff labeled his original filing as a § 1983 complaint, and that is how it was docketed. *See* ECF No. 1. In his recast complaint, Plaintiff appears to be raising claims of wrongful arrest or wrongful conviction. *See generally* ECF No. 7. And in his request for relief, Plaintiff asks for both monetary compensation and to regain his freedom. *Id.* at 7.

Based on Plaintiff's allegations and request for relief, it is unclear whether he intended to file this case as a 42 U.S.C. § 1983 civil rights claim or as a 28 U.S.C. § 2254 habeas corpus petition. If Plaintiff is seeking to challenge his conviction and incarceration, he must do so through a habeas corpus petition. A writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

If Plaintiff moves forward with a § 2254 habeas petition, he should be aware that he must have exhausted his state court remedies before seeking federal habeas corpus relief and that the filing of this petition may subject any subsequent petition attacking his state conviction or sentence to the restrictive conditions that federal law imposes upon second or successive habeas petitions. *See* 28 U.S.C. § 2244(b); *see also Castro v. United States*, 540 U.S. 375, 382–83 (2003).

Alternatively, if Plaintiff is claiming a violation of his civil rights and seeking monetary damages, this claim may be properly considered as a civil rights claim under 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

If Plaintiff is seeking monetary damages for civil rights violations, Plaintiff should bear in mind that a prisoner cannot bring a § 1983 action for monetary damages where granting relief would invalidate the prisoner's sentence or conviction unless the sentence or conviction in question has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Habeas corpus cases and § 1983 actions are mutually exclusive, meaning that they cannot be brought together in the same case. Plaintiff must therefore clarify whether he intended to file a § 1983 civil rights action or a § 2254 habeas petition before this case may proceed. If Plaintiff wishes to challenge his continued conviction and incarceration, he should complete and return the enclosed habeas petition. Alternatively, if Plaintiff seeks to assert a civil rights claim for damages, he should submit a new 42 U.S.C. § 1983 complaint, explaining how his civil rights have been violated.

As set forth above, Plaintiff is **ORDERED** to file either a habeas corpus petition or a new civil rights complaint, depending on the relief that he is seeking, and to submit a new motion to proceed *in forma pauperis* supported by a certified account statement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to comply. Plaintiff's failure to fully and timely comply with this order may result in dismissal of this case.

The Clerk is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form, a 28 U.S.C. § 2254 petition for a writ of habeas corpus, and an account certification form along with his service copy of this order (with the case number showing on all).   There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 8th day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
