IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERVIN JOINER, | : |
| Petitioner, | : |
| VS. | : |
| | : NO. 5:25-cv-00145-TES-CHW |
| HOUSTON COUNTY SHERIFF DEPARTMENT, | : |
| Respondent. | : |

### ORDER & RECOMMENDATION OF DISMISSAL

Petitioner[1] Ervin Joiner, a prisoner in the Coffee Correctional Facility in Nicholls, Georgia, filed a handwritten document that was docketed in this Court as a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Petitioner did not, however, use the required 42 U.S.C. § 1983 form, pay the filing fee, or move for leave to proceed *in forma pauperis*. As a result, he was ordered to (1) recast his complaint on a standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 3 & 5.

Thereafter, Petitioner filed a recast complaint and a motion to proceed IFP. ECF Nos. 7 & 8. But the motion to proceed IFP was incomplete in that Petitioner failed to submit a certified copy of his trust fund account statement. *See* ECF No. 8. Accordingly,

---

[1] Up to this point, Ervin Joiner has been designated as the Plaintiff in this case because he filed his initial pleading on a 42 U.S.C. § 1983 form. As discussed in this order, he has now indicated that he wants to proceed with this case as a habeas corpus petition. Therefore, Mr. Joiner is referred to herein as Petitioner, and the clerk is **DIRECTED** to update the docket accordingly.

Petitioner was ordered to submit a proper motion to proceed IFP, including a certified copy of his trust fund account statement. ECF No. 9.

Additionally, on review of Petitioner's recast complaint, it was unclear whether he had actually intended to file this case as a 42 U.S.C. § 1983 civil rights action or as a 28 U.S.C. § 2254 habeas corpus petition. As a result, Petitioner was also ordered to clarify the type of relief that he was seeking by filing either a habeas corpus petition or a new § 1983 complaint. *Id.* The Court explained that, if he wanted to challenge his continued conviction and incarceration, Petitioner should complete and return the habeas petition, whereas if he wanted to assert a civil rights claim for damages, he should submit a new 42 U.S.C. § 1983 complaint.

Petitioner has now filed a § 2254 habeas corpus petition challenging his March 3, 2025, conviction in the Houston County Superior Court. ECF No. 10. Although Petitioner still has not filed a certified account statement in this case, he has done so in another pending case. *See* ECF No. 12-1 in *Joiner v. Waters*, Case No. 5:25-cv-00144-MTT-CHW. Because that account statement shows that Petitioner does not have money in his account to pay the $5.00 filing fee[2] for a habeas corpus petition, his motion to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**.

Therefore, the habeas petition is ripe for preliminary review. On that review, it is **RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** because Petitioner has not exhausted available state court remedies. It is also

---

[2]As noted above, the filing fee for a § 1983 civil rights action is $405.00. The fee for a habeas corpus petition, however, is only $5.00.

**RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

I.   SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases, R. 4.

A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *Boerckel*, 526 U.S. at 845.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–55 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a §2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id*. at 653 (allowing *sua sponte* dismissal based on untimeliness because Report and Recommendation provided notice and

opportunity to respond to both petitioner and respondent); *see also Fletcher v. Oliver*, No. 1:20-00347-KD-N, 2020 WL 5100631, at *2 n.4 (S.D. Ala. July 21, 2020), *report and recommendation adopted*, 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) (stating that "[t]he undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted").

In this case, Petitioner states that he was convicted on March 3, 2025, based on a guilty plea. ECF No. 10 at 1. Petitioner did not initially appeal the conviction because he did not understand the process and his attorney did not discuss the matter with him. *Id.* at 2. Petitioner indicates that, on July 30, 2025, he filed a petition in Houston County Superior Court arguing that he had received ineffective assistance of counsel, and on August 5, 2025, he filed a motion for an out-of-time appeal in the same court. *Id.* at 4-5. According to Petitioner, both the petition and the motion are still pending. *Id.*

Thus, it "plainly appears" on the face of the petition that Petitioner has not exhausted available state remedies, as the state court has not completed its review of Petitioner's post-conviction petition. *See Boerckel*, 526 U.S. at 845. Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## II.    COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA]

when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 484. Petitioner has not made these showings.   Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA.   Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is also **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal be **DENIED**.

    **SO ORDERED and RECOMMENDED**, this 24th day of October, 2025.

    s/ Charles H. Weigle
    Charles H. Weigle
    United States Magistrate Judge